UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DIONES YSRAEL DEL JESUS, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility; PATRICIA HYDE, Field Office Director; TODD LYONS, Acting Director U.S. Immigration and Customs Enforcement; and KRISTI L. NOEM, U.S. Secretary of Homeland Security, | * * * * * * * | Civil Action No. 1:26-cv-10396-IT |
| Respondents. | * * | |

MEMORANDUM & ORDER

February 4, 2026

TALWANI, D.J.

Petitioner Diones Ysrael Del Jesus alleges that, on or about December 15, 2025, federal immigration officials detained Petitioner in Massachusetts. Pet. ¶ 2 [Doc. No. 1]. Petitioner further alleges he is currently being detained at the Plymouth County Correctional Facility in Plymouth, Massachusetts. Id. ¶ 3.

On January 27, 2026, Petitioner filed his Petition for Writ of Habeas Corpus [Doc. No. 1]. Petitioner contends that he "is subject to detention, if at all, pursuant to 8 U.S.C. § 1226(a)" and that "under 8 U.S.C. § 1226(a), Petitioner must, upon his request, receive a custody redetermination hearing[.]" Id. ¶¶ 10–11. Petitioner "requests such a bond hearing." Id. ¶ 12. Petitioner states further he is a member of the class in Guerrero Orellana v. Moniz, No. 25-CV-12664-PBS, __ F.3d __, 2025 WL 3687757 (D. Mass. Dec. 19, 2025), but that "the immigration

courts are . . . continuing to follow [Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025)] despite the ruling in Guerrero-Orellana [sic]." Id. ¶ 19.[1]

In response, Respondents do not address the Guerrero Orellana decision but

submit that the legal issues presented in this Petition are similar to those recently addressed by this Court in Doe v. Moniz, No. 25-cv-12094-IT, . . . 2025 WL 2576819 (D. Mass. Sep. 5, 2025); [Elias] Escobar v. Hyde, No. 25-cv-12620-IT, 2025 WL 2823324 (D. Mass. Oct. 3, 2025); Da Silva v. Hyde, No. 25-cv-12638-IT (D. Mass. Oct. 7, 2025); Venancio v. Hyde, No. 25-cv-12616-IT (D. Mass. Oct. 9, 2025); and Caguana-Caguana v. Moniz, No. 25-cv-13142-IT, 2025 WL 3171043 (D. Mass. Nov. 13, 2025).

Respondents' Response to Habeas Pet. 1 [Doc. No. 6]. Respondents further note that "[s]hould the Court follow its reasoning in Doe, [Elias] Escobar, Da Silva, Venancio, and Caguana-Caguana, it would reach the same result here." Id.

The court finds the reasoning in Doe and Elias Escobar remains correct and is consistent with the declaratory judgment in Guerrero Orellana. Nothing in the record indicates that Petitioner was detained under 8 U.S.C. § 1225 rather than 8 U.S.C. § 1226. The Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025), is unpersuasive and does not change the analysis. See Elias Escobar, 2025 WL 2823324, at *3 (citing cases reaching same conclusion).

The Petition for Writ of Habeas Corpus [Doc. No. 1] is therefore GRANTED as follows. No later than February 9, 2026, Del Jesus must be provided a bond hearing pursuant to 8 U.S.C. § 1226 or, if the immigration judge declines to conduct a bond hearing based on Matter of Yajure Hurtado, Respondents shall so advise the court by that date so that this court may conduct the

---

[1] In Guerrero Orellano, the court entered, as to class members, a declaratory judgment establishing that class members are not subject to detention under 8 U.S.C. § 1225(b)(2) but under 8 U.S.C. § 1226(a) and are thus entitled to "access to consideration for release on bond and/or conditions before immigration officers and Immigration Judges." 2025 WL 3687757, at *10.

bond hearing. Any decision by the immigration judge to retain Del Jesus in custody following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention.

    IT IS SO ORDERED.

February 4, 2026                                                /s/ Indira Talwani
                                                                                 United States District Judge